**INVERSIONES FINANCIERAS C. POR A., Plaintiff,**

v.

**HITACHI SALES CARIBE, INC. and Hitachi Sales Corporation, Defendants.**

**Civ. No. 988–70.**

United States District Court,
D. Puerto Rico,
May 20, 1971.

Nachman, Feldstein & Gelpi, San Juan, P. R., for plaintiff.

George L. Weasler, Santurce, P. R., for defendants.

## MEMORANDUM OPINION

TOLEDO, District Judge.

This matter is before the Court on an Order to Show Cause why the defendants should not be punished for contempt in violating a Stipulation in Lieu of Injunction. Suit was filed herein on November 30, 1970 by the plaintiff, a corporation organized under the laws of the Dominican Republic, against the above named defendants and also against Hitachi, Ltd., the manufacturing parent corporation. Both Hitachi, Ltd. and Hitachi Sales Corporation are Japanese corporate-like creations, while Hitachi Sales Caribe, Inc., is a corporation organized under the laws of the Commonwealth of Puerto Rico.

The complaint seeks damages and injunctive relief. At the preliminary hearing the corporate defendants, organized under the laws of Japan, raised the issue of this Court's jurisdiction and after a conference in chambers, the parties agreed to a Stipulation in Lieu of Injunction. The portions of the Stipulation in Lieu of Injunction, which were adopted by the Court on January 20, 1971 that are pertinent to the present proceeding, are the following:

"2. That defendant Hitachi Sales Caribe, Inc., shall forthwith upon entry of the Order approving this Stipulation:

"A. . . . . . . . . . . . .

"B. . . . . . . . . . . . .

"C. . . . . . . . . . . .

"D. Refrain from instituting any further suits, attachments, embargos or other actions or litigations in the Dominican Republic or in the Commonwealth of Puerto Rico against the plaintiff, until the termination of this litigation between the parties, other than any claim permitted by the Federal Rules of Civil Procedure in this action.

"3. That the defendant, Hitachi Sales Corporation shall neither terminate, nor substantially alter nor modify the existing exclusive franchise agreement of Hitachi Sales Caribe, Inc., nor establish any other representative or dealer or distributor for the Caribbean area, other than Hitachi Sales Caribe, Inc., especially in the areas of the Commonwealth of Puerto Rico and the Dominican Republic, during the pendency of this action.

"4. . . . . . . . . . . . .

"5. . . . . . . . . . . . .

"6. That all of the terms and conditions of this Stipulation applicable to any of the corporate defendants, shall be extensive to and be deemed an injunction restraining any of the acts herein mentioned on the part of Hitachi Sales

Caribe, Inc. and Hitachi Sales Corporation, and all of their officers, directors, agents, employees or representatives."

Almost immediately after the Court entered its order, the plaintiff moved for a contempt order for violation of the Stipulation in Lieu of Injunction. The defendants admitted their wrongdoing, claiming it was a misunderstanding and again entered into another Stipulation agreeing to obey the terms of the original Stipulation in Lieu of an Injunction, dismissing all proceedings thereinafter brought in the Dominican Republic; and the plaintiff dismissed its Order to Show Cause. That Stipulation was filed on January 27th., just one week after the Court's initial order.

This proceeding was brought on by Order to Show Cause returnable May 7, 1971, which was adjourned by consent to May 10, 1971. On that date, a hearing was held. Kensuke Ozaki, President of Hitachi Sales Caribe, Inc., was called to testify.

■ The Court finds that Mr. Ozaki had, prior to the Stipulation in Lieu of Injunction, but after the commencement of this action, appointed two persons to act for Hitachi, Ltd. to annul the Trade Name of "Hitachi Dominicana", which the plaintiff had registered in the Dominican Republic. The defendants had known of this registration and had requested changes when said Trade Name was used on the warranties that accompanied the sale of Hitachi products in the Dominican Republic. The defendants knew that on January 20th., and January 27th., nothing had been done to effectuate this annulment. Mr. David Vélez, Esq., general counsel to Hitachi Sales Caribe, Inc. in the Commonwealth of Puerto Rico and in the Dominican Republic, has been present at all the proceedings herein and is intimately familiar with each of the Stipulations heretofore filed. He shares or has offices adjoining the office of Lic. Eduardo Boehme de Lemos, one of the persons appointed by Mr. Ozaki in Santo Domingo, Dominican Republic. Mr. Boehme was either not advised of the Stipulations

(which were binding upon him as an "agent, employee or representative", or was permitted to proceed with the attempt at cancellation of the Trade Name in open defiance of the Order of this Court. Mr. Boehme did not commence his actions until February 17, 1971.

It is inconceivable that Hitachi Sales Caribe, Inc., its president and its general counsel did not know of Mr. Boehme's action.

At the hearing, Mr. Ozaki also testified that he understood from the Stipulation in Lieu of Injunction, that he could not establish another agent or representative for Hitachi products in the Dominican Republic during the pendency of this action. He also alleged that he had not shipped any goods directly to the Dominican Republic, but could not prevent an authorized dealer in Puerto Rico from re-shipping to the Dominican Republic.

The evidence discloses that José M. Pietri, Esq., has acted and is acting for the defendant, Hitachi Sales Caribe, Inc., as a notary, customs broker and freight forwarder. Mr. Pietri introduced one of his Dominican customers to Mr. Ozaki in March, 1971, because that Dominican customer wanted to purchase Hitachi products. Arrangements were made for shipping documents to be prepared wherein the consignor is listed as Borinquen Electrónic & Supply, Inc., a Puerto Rican entity, and the consignee is listed as Telectronica, S. A., a Dominican entity. In fact, Borinquen Electronic & Supply, Inc., is not a registered corporation but is an alter ego of Mr. José M. Pietri, with the same post office address. The inference in the record is that the consignee is also fictitious.

The evidence further discloses that the merchandise (the amounts are in van-load lots), was shipped directly from the warehouse of Hitachi Sales Caribe, Inc., to the consignee and never to the fictitious consignor. Mr. Pietri testified that he received brokerage commissions from both Hitachi Sales Caribe, Inc. and from the purchaser, as well as three percent (3%) commission on the

sales. The Court finds that Mr. Ozaki's protestations that he was unaware of any direct involvement of Hitachi Sales Caribe, Inc. with a Dominican agent or representative to be wholly unworthy of credit or belief.

The defendants have willfully disobeyed the Order of the Court. A party compelled to resort to civil contempt proceedings to preserve and enforce an adjudicated right is entitled to a decree by way of a fine for injuries actually sustained by him because of the contemptuous act. Leman v. Krentler-Arnold Hinge Last Co. (1932), 284 U.S. 448, 52 S.Ct. 238, 76 L.Ed. 389; Worden v. Searls (1887), 121 U.S. 14, 26, 7 S.Ct. 814, 30 L.Ed. 853.

Here, however, the actual damages sustained by the plaintiff have not been shown, and therefore, no compensatory fine will be levied at this time.

The Court, may, in its discretion, award reasonable attorney's fees. Toledo Scale Co. v. Computing Scale Co. (1923), 261 U.S. 399, 426–428, 43 S.Ct. 458, 67 L.Ed. 719. Cognizant of the time and effort that counsel for plaintiff had to spend in preparation for this hearing, drafting the Order to Show Cause and translating the documents annexed thereto, the Court finds that the sum of Two Thousand Five Hundred Dollars ($2,500.00) is reasonable and will award said sum to plaintiff.

Although the defendants have been conmacious of the Orders of the Court and an additional fine could be imposed to vindicate the authority of the Court, it is doubtful that the Order to Show Cause put the defendants on sufficient notice that punitive penalties were likely to be imposed. Under these circumstances, no fines or imprisonments will be ordered, unless the defendants fail to adhere to the Order that will be entered in connection with this opinion.

The relief requested by the plaintiff in re-opening the dismissal against the former defendant, Hitachi, Ltd., must be denied, but the plaintiff may file a new complaint against said defendant, and may file a supplementary complaint against the defendants, Hitachi Sales Corporation and Hitachi Sales Caribe, Inc., to allege the actual damages sustained after the commencement of this action.

The foregoing shall constitute the Findings of Fact and Conclusions of Law of this Court, pursuant to Rule 52(a) of the Federal Rules of Civil Procedure. An appropriate judgment shall be entered.